*Piazza v. Moretown heights Homeowner's Association*, No. 716-11-14 Wncv (Teachout, J., May 5, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 716-11-14 Wncv |

| | |
|---|---|
| Frank Piazza,<br>     Appellant<br><br>     v.<br><br>Moretown Heights Homeowner's,<br>     Appellee | ENTRY ORDER |

**SMALL CLAIMS APPEAL**
<u>Decision</u>

Defendant/Appellant Frank Piazza appeals the Findings and Order of the Small Claims Judge and the Judgment issued November 7, 2014. The Small Claims Court awarded $1,150.00 to Plaintiff/Appellee Moretown Heights Homeowner's Association (Association) after determining that Mr. Piazza failed to pay delinquent dues. The Court found for the Association on Mr. Piazza's counterclaim.

On appeal, Mr. Piazza does not dispute that he owes the delinquent dues. He acknowledges that he has not paid them and has been clear that he has withheld dues in protest over the failure of the Association to repair the common road maintained by the Association at a point of access from his property onto that road. He argues that the Small Claims Court erred in concluding that the road had "wandered" without fault of the Association and erred in denying his counterclaim.

In appeals from Small Claims Court, the Superior Court's review is based on the record of the hearing below and is limited to questions of law. 12 V.S.A. § 5538; V.R.S.C.P. 10. This Court has reviewed the audio recording of the hearing held in Small Claims Court and both parties' memoranda of law, and heard oral argument on April 21, 2015.

<u>Facts</u>

Mr. Piazza owns property in Moretown Heights and has been a member of the Association for many years. His property has two points of access, one of which is on a common road for which the Association is responsible and is the subject of the parties' dispute. He claimed that the Association should have maintained the road at his access point by adding gravel and maintaining the grade at an appropriate level so that he can repair the culvert under his driveway for access use, and that the Association has not only failed to do this work but has caused the roadway to move away from his access drive, creating a gap and height differential between the driveway and road that deprives his property of road access. He is clear that after

he had asked the Association to do roadwork and it was not done, he withheld payment of Association dues, which he acknowledges he otherwise owes, in protest and to bring the matter to the Association's attention.

The Association sued him for delinquent dues, and he counterclaimed for loss of access to his property from the common road. A hearing was held on August 5, 2014. The Court issued written Findings. The Court found Mr. Piazza responsible for the delinquent dues. It also found that it was in the nature of gravel roads to "wander," i.e., deviate from their original location as a result of maintenance and usage over time, and that even if this happens, it is the responsibility of the landowner to "replace a culvert or add additional gravel to improve or extend their driveway entrance to the roadway." Essentially, he found the Association without fault for the condition of the common road at the access point. The effect was to find that Mr. Piazza had not proved his counterclaim against the Association.

## Analysis

The Association's obligation to maintain the common road and the member's obligation to pay Association assessments both derive from the Bylaws of the Association which were admitted into evidence. Each obligation exists as an independent executory obligation: it is not dependent on or conditioned on the performance by the other of satisfaction of its obligations. Thus, the Small Claims Judge correctly ruled that even if maintenance of the road caused the roadway to shift its alignment, that fact "does not give an Association member the right to withhold or refuse to pay Association dues and assessments." (¶6.) Thus, the portion of the judgment granting damages to the Association in the amount of $1,150.00 (the amount due at the date of hearing) plus costs is not in error and is affirmed.

Mr. Piazza filed a counterclaim for $1,255.00. His testimony at the hearing was that the Association needed to repair or maintain the road at a location and height that would make it worthwhile for him to replace the culvert on his access at his own expense. He claimed that the Association had allowed the height and location of the road to change so that he could not do this. The Association President testified that the road had moved but not due to maintenance activities of the Association.

The Small Claims Judge found as follows:

¶4. The Court finds that it is in the nature of gravel roads and gravel road maintenance that the traveled and maintained way of the gravel road will "wander" and deviate from the roadway as originally laid out, due to obstructions in the roadway or on the side of the roadway, the common usage and travel pattern on the road as well as other factors. Likewise, the level of the roadway may increase due to the need to repair or raise the road level for various reasons, or the roadway may "sink" due to grading and usage. Such occurrences are normal and to be expected with gravel roads.

The Judge determined that "[d]espite the changes in the roadway due to road maintenance," it was Mr. Piazza's responsibility to maintain his driveway, entrance, and culvert:

2

¶7.  It is the homeowner's obligation to maintain his driveway access to the road, despite the rise or fall of the road level or the meandering of the traveled way.  This includes the obligation to maintain a culvert if one is required.

"In regards to the Defendant's Counterclaim, the Court finds in favor of Moretown Heights Homeowner's Association."

On appeal, Mr. Piazza disputes the "wandering road theory."  The Court affirms the judgment on the counterclaim, but for a different reason than the 'wandering road theory' stated by the Small Claims Court.

Claims in Small Claims Court are limited to claims for money damages.  12 V.S.A. § 5531 (b).  While Mr. Piazza stated in his Answer that he was asserting a counterclaim for $1,255.00, he never offered any evidence in support of any claim for any money amount.  Thus, he failed to support his counterclaim with evidence.  Whether the 'wandering road theory' is correct or not is irrelevant, as there was no factual basis on which the Judge could have found a claim in a money amount that would have offset the Association's claim for $1,150.00.

If Mr. Piazza seeks a declaration from a court establishing  the obligation of the Association with respect to road maintenance, that is the type of claim that would have to be filed and pursued as a Civil Division case, and not as a Small Claims counterclaim.


ORDER
For the foregoing reasons, the Judgment of the Small Claims Court is *affirmed*.


Dated at Montpelier, Vermont this _____day of May, 2015.


_____
Mary Miles Teachout
Superior Judge